**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

WILLIAM PATRICK-BEY,                    )
                                        )
            Plaintiff,                  )
                                        )
      v.                                )      Civil Action No.   13 - 1302
                                        )
U.S. GOVERNMENT CORP.,                  )
                                        )
            Defendant.                  )

**MEMORANDUM OPINION**

This matter comes before the court on review of plaintiff's application to proceed *in forma pauperis* and *pro se* civil complaint. According to the plaintiff, who describes himself as a dual citizen of the United States and Morocco, he is entitled to compensation of $100 million "for Breach of contract, conversion, [and] abuse of process against all corporate officials and Securities." Compl. at 1.

The Federal Rules of Civil Procedure require that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Further, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual

1

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Although a *pro se* complaint is "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks and citation omitted), it too, "must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct,'" *Atherton v. District of Columbia Office of the Mayor*, 567 F.3d 672, 681-82 (D.C. Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678-79). As drafted, the complaint fails to meet these goals. The complaint fails to set forth sufficient factual allegations to support his claims. Accordingly, the Court will dismiss the complaint. An Order is issued separately.

_____
United States District Judge

DATE: 5/16/13